IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    1:07-cv-2313-RPM-BNB

TELETECH HOLDINGS, INC.,

Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 14 2008

GREGORY C. LANGHAM
CLERK

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties in the above-styled litigation agree that the discovery sought by each party might involve the production of documents and things, as well as witness testimony, containing competitive, proprietary, trade secret or other information of a sensitive nature about the party (or about a non-party which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information." Accordingly, pursuant to Fed. R. Civ. P. 26(c) the parties stipulate and move for entry of this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that a party believes contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

*Designation of Material.* Documents and other things claimed to be, or to contain, Confidential Information shall, prior to production, be marked by the producing

1

party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as containing information such party believes to be confidential. Copies, extracts, summaries, notes, and other derivatives of materials marked Confidential that are created by a party based upon the Confidential Information also shall be considered as Confidential Information, and shall be subject to the provisions of this Order.

2   *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may, within a reasonable time thereafter, be designated as Confidential by the producing party, or by the party or parties receiving the production. Each party or non-party who receives such written notice shall use reasonable efforts to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3   *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be designated as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof contains Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within 28 days after receipt of the deposition transcript, and the

testimony taken and the transcript of such deposition or portion thereof designated as Confidential Information shall be considered as Confidential Information.

4   *Modification of Designation.* The designation of Confidential Information does not mean such information, documents, testimony, or things, is or are Confidential, only that it should be treated as Confidential Information for purposes of this Stipulation. Further, the designation of Confidential Information shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below

  (a)   The designating party may agree in writing to eliminate the Confidential Information designation.

  (b)   If the parties cannot agree as to a designation of Confidential Information after good faith discussion, the receiving party may move the Court for the right to utilize such documents or information without the constraints of this order, or to eliminate the Confidential designation. The burden of proving that the information is confidential and is not subject to normal discovery under the Rules shall be on the party who maintains that such information or material is confidential or otherwise seeks to protect such information or material from discovery.

### Access to Confidential Information

5   *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

  (a)   To counsel for a party hereto (and secretaries, paralegals, and other staff employed by such counsel who are working on the litigation),

3

(b)  To the parties after they have been given a copy of this Confidentiality Stipulation and Protective Order.

(c)  To court reporters, videographer, translator or other officers of the Court transcribing or otherwise officially participating in a deposition, hearing, or other proceeding in this matter who sign a letter in the form of Exhibit A attached hereto (excluding court-appointed court reporters).

(d)  To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party who is retained by a party or party's outside counsel in good faith for the purpose of assisting in this litigation) who sign a letter in the form of Exhibit A attached hereto.

(e)  To non-party witnesses and their counsel who are contacted in connection with this lawsuit.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of a party.

6.  *No Copies/Notes.*  Except for use by outside counsel, the parties hereto, reinsurers, and expert witnesses, and for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

*Disputes over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking the disclosure

may move the Court to permit disclosure and must obtain an order of the Court before disclosing the information  The burden of proving that the information is confidential and is not subject to normal discovery under the Rules shall be on the party who maintains that such information or material is confidential or otherwise seeks to protect such information or material from discovery

## Use of Confidential Information

8  *Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9  *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person, other than a party, court reporter, videographer, translator or other officers of the Court, the deponent and the deponent's counsel, not entitled under this Order to receive the Confidential Information.

10  *Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial,

the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

*Filing Under Seal.* Confidential Information and pleadings or briefs quoting or discussing Confidential Information shall be filed under seal upon a motion complying with D.C.COLO.LCivR 7.2.

12   *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information

## Other Provisions

13.   *Not an Admission.* Nothing in this Order shall constitute an admission by the party that documents, materials, or deposition transcripts or anything else designated as Confidential actually contain Confidential Information  Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

14.   *Miscellaneous.* This Order shall apply to the production of all materials, whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation.

15   Any party may, at any time, file a motion with the Court seeking relief from any designation or other limitation under this Stipulation  The burden to maintain any designation or otherwise limit discovery should be on the party seeking to do so under this Stipulation.

The parties having stipulated and agreed hereto, it is SO ORDERED, this _/4__ day of __August__, 200_8_.

BY THE COURT:

_____
United States District Judge

So Stipulated and Agreed

| | |
|---|---|
| _s/ Mark E. Parsky_ | _s/ Michael Keeley_ |
| Mark E. Parsky | Michael Keeley |
| | |
| McVey & Parsky, LLC | Strasburger & Prince, LLP |
| 30 N. LaSalle St., Suite 2100 | 901 Main St., Suite 4400 |
| Chicago, IL 60602 | Dallas, TX 75202 |
| Phone: (312) 551-2130 | Phone: (214) 651-4718 |
| Fax: (312) 551-2131 | Fax: (214) 659-4121 |
| Email: mep@mcveyparsky-law.com | Email: michael.keeley@strasburger.com |
| Attorney for Plaintiff. | Attorney for Defendant. |

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2008, I electronically filed the foregoing **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

| | |
|---|---|
| Michael Keeley | michael.keeley@strasburger.com |
| Michael Feiler | michael.feiler@strasburger.com |
| John Osgood | osgoodj@hallevans.com |
| Mark Parsky | mep@mcveyparsky-law.com |
| Benjamin Galloway | bjg@mcveyparsky-law.com |
| Frank Porada | fporada@featherstonelaw.com |

                                                     /s/ Vicki O'Neill

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:07-cv-2313-RPM-BNB

TELETECH HOLDINGS, INC

Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

Defendant.

EXHIBIT A

AGREEMENT CONCERNING INFORMATION COVERED BY
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____[PARTY NAME]_____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential Information" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information, unless I am a court reporter or expert witness retained in connection with this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 200_.

_____
Name

_____
Address

_____
Employer

_____
Job Title